UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KATHRYN BROOM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0018-CVE-PJC |
| | ) | |
| **SPRINGS GLOBAL U.S., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Opposed Motion for Leave to Amend Complaint Out of Time and Brief in Support (Dkt. # 22). Plaintiff Kathryn Broom filed a complaint against defendant Springs Global U.S., Inc. on January 8, 2010, based on retaliatory discharge and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and intentional infliction of emotional distress. Dkt. # 2, at 3-4. Plaintiff now seeks leave to amend her complaint to replace the claims brought under Title VII with similar claims under the Americans with Disabilities Act (ADA).

**I.**

On December 30, 2008, plaintiff completed a charge detail inquiry with the Equal Employment Opportunity Commission (EEOC). Dkt. # 22-2. The basis for plaintiff's complaint against her employer was "retaliation for filing a [sic] EEOC ADA charge." Id. at 2. Broom filed an EEOC charge of discrimination on February 6, 2009. Dkt. # 22-3. In the charge, she marked the box corresponding to a claim for discrimination based on retaliation only; her statement of her claim alleged that after filing her previous EEOC charge, she was "subjected to a hostile work environment" and was "harassed, unfairly disciplined, suspended and eventually discharged . . . in

retaliation for filing the previous charge." Id. Plaintiff's charge also alleged she had been "retaliated against because [she] exercised [her] rights to file a charge of employment discrimination in violation of Title VII . . .". Id. Further, Broom signed an EEOC document stating that her charge had been taken under Title VII. Dkt. # 22-5. Plaintiff was not represented by counsel when she filed her charge. Id. The EEOC subsequently notified defendant that a charge of employment discrimination had been filed against it under Title VII. Dkt. # 22-4. Plaintiff filed her complaint on January 8, 2010. Dkt. # 2.

Defendant answered the complaint on February 2, 2010. Dkt. # 6. Defendant denied plaintiff's allegations that she was entitled to relief on her asserted claims, and raised a number of affirmative defenses. Id. at 4. On March 3, 2010, the parties filed a joint status report. Dkt. # 10. Plaintiff's summary of her claims in the status report stated that defendant retaliated against her for filing her previous ADA charge, and that she was "repeatedly subject to derogatory comments based on her gender by male co-workers." Id. at 1. Defendant "denie[d] that [p]laintiff was the subject of retaliatory conduct or harassment during her employment" and that she was "subjected to a hostile work environment on the basis of her gender or any other reason." Id.

On September 29, 2010, the EEOC notified defendant that it was revoking its previously issued charge pursuant to its authority under 29 C.F.R. § 1601.19(b)[1]. It also sent defendant an amended charge of discrimination, signed by plaintiff, with boxes marked for discrimination claims based on both retaliation and disability. Dkt. # 22-6, at 2. The statement of harm in the amended charge alleges that following plaintiff's previous ADA charge, she was "subjected to harassment,

---

[1]   In relevant part, 29 C.F.R. § 1601.19(b) allows "[t]he Commission [to] on its own initiative reconsider a final determination of no reasonable cause and an issuing director [to], on his or her own initiative reconsider his or her final determination of no reasonable cause."

2

disparate discipline and eventual termination . . . in retaliation," and that she was "retaliated against because [she] exercised [her] rights by filing the previous ADA charge of employment discrimination." Id. The amended charge contains no mention of Title VII.

## II.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

## III.

Under the current scheduling order, the deadline for amendments to the pleadings was March 22, 2010. Dkt. # 15. However, plaintiff requests leave to amend her complaint out of time to reflect the amended charge filed by the EEOC. Defendant does not object to substitution of the ADA for Title VII as the basis for plaintiff's retaliation claim. Dkt. # 24, at 1. That portion of plaintiff's motion is granted.[2] However, defendant objects on grounds of delay and futility to substitution of the ADA for Title VII as the basis for plaintiff's hostile work environment claim. Id. at 1-2, 4-12. In support, it claims that plaintiff has had ample prior opportunity to amend the complaint and that

---

[2]   Defendant assumes for purposes of its response that the Court would find plaintiff's EEOC charge detail inquiry to constitute a charge alleging retaliation. Dkt. # 24, at 6 n.4. The Court does find that mention of the ADA in plaintiff's charge detail inquiry and subsequent failure on the part of the EEOC to include that legal basis in her charge supports substitution of the Title VII retaliation claim in her complaint to one under the ADA.

3

neither plaintiff's EEOC charges nor her complaint properly set out a claim for hostile work environment.

A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U .S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). When considering delay as the basis to deny a motion to amend, a court must consider the length of and reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). Delay will be measured from the filing of the complaint to the date the motion to amend was filed. See Minter, 451 F.3d at 1207. Plaintiff's motion to amend was filed approximately ten months after her initial complaint. However, where the reason for an out of time motion to amend is apparent administrative error by the EEOC, delay is not an issue and amendment will be permitted unless futile. See Fisher v. Southwestern Bell Telephone Co., 2008 WL 4682234 (N.D. Okla. Oct. 21, 2008).

An amendment is futile if the amended pleading would be subject to dismissal under Federal Rule of Civil Procedure 12. Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). Defendant first argues that plaintiff has not exhausted her administrative remedies as to her hostile work environment claim under the ADA, and that amendment of her complaint to reflect that claim would therefore be futile. Dkt. # 24, at 9.[3] Although plaintiff has provided few details about her allegations, she did allege harassment in her original and amended charges. Such allegations could be read to support a claim for hostile work

---

[3]   The Court does not read defendant's response as extending its futility argument to plaintiff's hostile work environment claim under Title VII.

4

environment and defeat a claim for failure to exhaust.  However, even if plaintiff's amended charge was not read to contain a claim for hostile work environment,

> when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge.  A claim is considered reasonably related when the conduct complained of would fall within the scope of the administrative investigation which can reasonably be expected to grow out of the charge that was made."

Mitchell v. City and Cnty. of Denver, 112 Fed. Appx. 662, 666 (10th Cir. 2004)(unpublished)[4] (internal citations omitted).  Plaintiff's ADA claim for hostile work environment is based on the same set of facts as her ADA claim for retaliation, and would require similar investigation.  Her retaliation claim relates back to her original charge.[5]  Thus, even if plaintiff failed to exhaust remedies for her hostile work environment claim, that claim would not be subject to automatic dismissal, and amendment of the complaint to reflect a hostile work environment claim would not be futile on that ground.

This result works no hardship on defendant, which has had ample notice of plaintiff's intention to seek relief on a hostile work environment claim[6].  Although plaintiff's proposed amended complaint would shift the grounds for the hostile work environment claim from gender to disability-based discrimination, the underlying facts and allegations have not changed.  Defendant

---

[4]   Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[5]   Under Fisher, an amended charge will relate back to the original where it properly states a claim that, but for EEOC error, would have been included in the original.  2008 WL 4682234, at * 6-8.

[6]   Plaintiff's original complaint included a claim for relief for hostile work environment.  Dkt. # 2, at 4.  Defendant addressed that claim in its answer, Dkt. # 6, and the claim was also acknowledged in the parties' joint status report.  Dkt. # 10.

has suggested no persuasive reason for refusing to allow plaintiff to amend her complaint to substitute one legal theory for another where delay in amendment is attributable to EEOC error, amendment would not be futile, and defendant would not be prejudiced by the addition.

Plaintiff's second argument for futility – that plaintiff's amended complaint fails to state a claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) – is also defeated by the inclusion of the allegations in the complaint regarding hostile work environment. Dkt. # 24, at 11.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to Amend Complaint Out of Time and Brief in Support (Dkt. # 22) is **granted**. **Plaintiff shall file her amended complaint forthwith.**

**DATED** this 27th day of October, 2010.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT