IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kathryn Broom, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 10-CV-018-CVE-PJC |
| Springs Global U.S., Inc., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' FIRST MOTION IN LIMINE
REGARDING OTHER ALLEGED INCIDENTS OF PROPERTY DAMAGE**

Defendant, Springs Global, U.S.A., Inc. ("Defendant"), moves the Court for a First Order in Limine, instructing Plaintiff, counsel for Plaintiff, or any witness in this matter, not to mention or bring before the jury, either directly or indirectly, upon *voir dire,* reading of pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or otherwise bring to the jury's attention any of the matters set forth below regarding other alleged incidents of property damage, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury, and a favorable ruling received as to the admissibility and relevance of such matters. Further, Defendants move this Court to instruct counsel for Plaintiff to inform and counsel with all witnesses called by Plaintiff, or parties in the courtroom at the request of the Defendants, not to volunteer, inject, disclose, state or mention to the jury any of the below enumerated matters, unless specifically questioned thereon after prior ruling by the Court. Defendants additionally move the Court to order that a violation of the Court's Order on Defendants' Motion in Limine would constitute harm to Defendants and deprive them of a fair and impartial trial.

**ALLEGED EVIDENCE SUBJECT TO MOTION IN LIMINE**

1. Evidence that a co-worker, Jason Harris, damaged bricks in the Springs Global facility by striking the bricks with the upraised forks of a forklift.

2. Evidence that an unnamed co-worker damaged a Wal-Mart trailer while operating a yard dog in the dock area.

3. Evidence that a co-worker, Bill Moyer, struck another employee with a dolly, allegedly causing injury to the other employee.

4. Plaintiff should be precluded from testifying that Clayton Wilson suffered injury due to horseplay with a co-worker.

## I.  INTRODUCTION

Plaintiff, a former employee of Defendant, Springs Global, filed a lawsuit against Defendant in which she alleged that she was subjected to a retaliatory discharge as a result of exercising her rights under the Americans With Disabilities Act ("ADA") and that she was subject to a hostile work environment under the ADA. Plaintiff is alleging that her termination on September 15, 2009 violated the ADA because it was motivated by retaliation for filing a charge of discrimination with the EEOC. Springs Global responded that the Plaintiff was terminated as a result of a series of disciplinary actions arising from Plaintiff engaging in conduct that caused damage to property as well as injury to others. It is anticipated that Plaintiff will attempt to introduce evidence at trial that other employees engaged in conduct which caused damage to property or injury to others, but were not disciplined. Defendant seeks to preclude Plaintiff from offering such evidence at trial because Plaintiff lacks personal knowledge of these incidents and/or because the evidence is based upon hearsay testimony.

II.  **GENERAL AUTHORITY FOR MOTIONS IN LIMINE**

Courts have inherent power "to manage the course of [their] trials," including the granting of appropriate motions in limine. *Luce v. United States*, 469 U.S. 38, 41 (1984).

> The motion in limine allows the Court to decide evidentiary issues in advance of trial thereby avoiding delay and ensuring an evenhanded and expeditious trial. *See Indiana Ins. Co. v. General Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997). Decisions on in limine motions can save the parties time and expense in preparing and presenting their case for trial. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F.Supp. 220, 222 (N.D.Ill. 1996).

*Walsh v. United States*, 2009 U.S. Dist. LEXIS 27238 (N.D. Okla. Mar. 31, 2009). Where the Court directs that certain evidence be excluded, the Court may also instruct counsel to avoid any mention of the evidence in question during opening and/or closing statements, during trial, and/or in any argument to the jury, and direct counsel to instruct its associates, client, and witnesses to avoid making mention of any of the excluded evidence. *See e.g. Duckworth v. Fedex Ground Packaging Sys.*, 2006 U.S. Dist. LEXIS 72495 (E.D. Okla. Oct. 3, 2006). Advance rulings on unduly prejudicial evidence, or other evidence properly excluded, serves the purpose of avoiding the obviously futile attempt to "unring the bell" once the evidence is offered and then stricken at trial. *McEwen v. City of Norman, Okla.*, 926 F. 2d 1539, 1548 (10th Cir. 1991).

III.  **INADMISSIBLE EVIDENCE THAT SHOULD BE EXCLUDED IN ORDER TO ENSURE A FAIR AND EXPEDITIOUS TRIAL**

  A.  **Evidentiary Standards for Lack of Personal Knowledge and Hearsay.**

The evidence which is the subject of this Motion in Limine should be excluded because Plaintiff lacks personal knowledge to testify regarding these matters and/or because Plaintiff is relying upon hearsay testimony in support of this evidence.

Federal Rule of Evidence 602 provides as follows:

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses."

Hearsay testimony is defined in Federal Rule of Evidence 801 as:

"A statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter."

Hearsay evidence is inadmissible pursuant to Federal Rule of Evidence 802:

"Hearsay is not admissible except as provided by these rules or by other rules described by the Supreme Court pursuant to statutory act or by act of Congress."

Plaintiff should be barred from attempting to introduce the evidence which is the subject of this Motion in Limine because Plaintiff lacks personal knowledge regarding the incidents in question, and/or whether the individuals involved were the subject of disciplinary action. Further, to the extent that Plaintiff is relying upon statements from others to support her belief that these incidents occurred, or that no disciplinary action was taken, such statements are hearsay. The Plaintiff should not be allowed to testify regarding these matters based upon such hearsay communications. More specifically, each incident will be examined below.

**A.    Alleged Incident Involving Jason Harris Hitting Bricks With a Forklift.**

During the deposition of Tim Jordan, Springs Global's Plant Manager, and Kim Lauerman, Springs Global's Human Resources Manager, Plaintiff's counsel inquired whether either was aware of an incident in which one of Plaintiff's co-workers, Jason Harris, allegedly struck a brick wall while the forks of his forklift were improperly raised, thereby causing damage to the wall. See Deposition of Tim Jordan, p. 125, ln. 4 – p. 127 ln. 9; Deposition of Kim Lauerman, p. 114, ln. 2-9, Exhibit "A" hereto. Both Mr. Jordan and Ms. Lauerman testified that they were not aware of this incident. Curiously, Plaintiff did not raise this incident during her

4

deposition when she was asked to describe any incidents in which co-workers engaged in conduct similar to her, but were not disciplined for such conduct. See Deposition of Plaintiff, p. 102, ln. 6 - p. 106, ln. 13, Exhibit "B" hereto. Despite Plaintiff's counsel's inquiry into this topic during depositions, there is no evidence that Plaintiff, or any other witness, has any knowledge of any incident in which Jason Harris knocked bricks off the wall while operating a forklift. Since there is no evidence, other than apparent rumors around the workplace, that this incident occurred or that damage was caused, Plaintiff should be precluded from discussing this incident during the trial of this matter.

      **B.**     **The Alleged Damage to a Wal-Mart Trailer by an Employee Operating a Yard Dog**

Plaintiff testified in her deposition that an employee whose name she could not recall damaged a Wal-Mart trailer while operating a yard dog in the loading area at work. See Plaintiff's Deposition p. 103, ln. 21 – p. 105, ln. 8, Exhibit "B" hereto. Plaintiff alleges that such employee did not receive any disciplinary action, although Plaintiff did testify that the employee went home for the day after this incident. Plaintiff has not provided any evidence that she witnessed the incident; that she had any involvement in the investigation of such incident; or that she has any actual knowledge of whether the employee in question was disciplined. In the absence of any such evidence, Plaintiff should not be allowed to present any testimony at trial regarding this incident.

      **C.**     **Evidence that Bill Moyer Struck Another Employee With a Dolly.**

Plaintiff testified that a co-worker, Bill Moyer, ran into another employee while pushing a dolly, thereby causing injury to such other employee. Plaintiffs deposition, p. 103, ln. 4 – ln. 20, Exhibit "B" hereto. Once again, Plaintiff cannot provide evidence that she was a witness to this incident. While she testified that Mr. Moyer worked the remainder of the day of the

5

incident, she has not presented any evidence that she has any knowledge regarding whether Bill Moyer was disciplined for such incident. If Plaintiff is relying for her testimony upon statements from Bill Moyer that he was not disciplined, then such statements are hearsay and are inadmissible. Plaintiff should be precluded from testifying about this incident at trial.

> D. **Testimony from Plaintiff That Clayton Wilson Was Injured While Engaging in Horseplay With a Co-Worker.**

Plaintiff testified in her deposition that Clayton Wilson was injured while engaging in horseplay with a co-worker. It is clear from Plaintiff's testimony that she did not witness this incident, but was instead told about it by Clayton Wilson. Moreover, although Plaintiff testifies about her belief as to what discipline was "probably" handed out, it is clear that she has no personal knowledge of any discipline given in this incident. Plaintiff's deposition, p. 105, ln. 9 – p. 106, ln. 8, Exhibit "B" hereto. Plaintiff should be precluded from testifying about this incident at trial.

Springs Global therefore requests that this Motion in Limine be granted.

Respectfully submitted,

s/Randall J. Snapp
Randall J. Snapp, OBA #11169
Attorneys for Defendant Springs Global U.S., Inc.
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9855
(918) 599-6335 (Facsimile)
randall.snapp@crowedunlevy.com

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of April, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrant:

danielsmolen@ssrok.com

davidwarta@ssrok.com

s/Randall J. Snapp<br>
Randall J. Snapp

2138580.01