IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Kathryn Broom, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.  10-CV-018-CVE-PJC |
| Springs Global U.S., Inc., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' SECOND MOTION IN LIMINE
REGARDING GREG HARSH MEDICAL TREATMENT**

Defendant, Springs Global, U.S.A., Inc. ("Defendant"), moves the Court for a Second Order in Limine, instructing Plaintiff, counsel for Plaintiff, or any witness in this matter, not to mention or bring before the jury, either directly or indirectly, upon *voir dire,* reading of pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, or otherwise bring to the jury's attention the allegation that her co-worker, Greg Harsh, was required to seek medical treatment as a result of any injury at work, unless and until such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury, and a favorable ruling received as to the admissibility and relevance of such matters.  Further, Defendants move this Court to instruct counsel for Plaintiff to inform and counsel with all witnesses called by Plaintiff, or parties in the courtroom at the request of the Defendants, not to volunteer, inject, disclose, state or mention to the jury any of the below enumerated matters, unless specifically questioned thereon after prior ruling by the Court.  Defendants additionally move the Court to order that a violation of the Court's Order on Defendants' Motion in Limine would constitute harm to Defendants and deprive them of a fair and impartial trial.

I.  **INTRODUCTION**

Plaintiff, a former employee of Defendant, Springs Global, filed a lawsuit against Defendant in which she alleged that she was subjected to a retaliatory discharge as a result of exercising under the Americans With Disabilities Act and that she was subject to a hostile work environment under the ADA. Plaintiff is alleging that her termination on September 15, 2009 violated the ADA because it was motivated by retaliation for filing a charge of discrimination with the EEOC. Springs Global responded that the Plaintiff was terminated as a result of a series of disciplinary actions as a result of Plaintiff driving her forklift in a manner that caused damage to property as well as an injury to a co-worker, Greg Harsh. Specifically, Plaintiff was disciplined for an incident in which she almost hit Mr. Harsh with her forklift, causing him to jump out of the way and injuring his foot. It is anticipated that Plaintiff will attempt to introduce evidence at trial that Mr. Harsh did not want to seek medical attention for his injury but that he was forced to do so by Springs Global management. See deposition of Plaintiff, p. 176, ln. 21 – p. 178, ln. 2, Exhibit "A" hereto. Defendant seeks to preclude Plaintiff from offering such evidence at trial because Plaintiff lacks personal knowledge of whether Mr. Harsh resisted being sent for medical attention and/or because the evidence is based upon hearsay testimony.

II. **GENERAL AUTHORITY FOR MOTIONS IN LIMINE**

Courts have inherent power "to manage the course of [their] trials," including the granting of appropriate motions in limine. *Luce v. United States*, 469 U.S. 38, 41 (1984).

> The motion in limine allows the Court to decide evidentiary issues in advance of trial thereby avoiding delay and ensuring an evenhanded and expeditious trial. *See Indiana Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). Decisions on in limine motions can save the parties time and expense in preparing and presenting their case for trial. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F.Supp. 220, 222 (N.D.Ill. 1996).

*Walsh v. United States*, 2009 U.S. Dist. LEXIS 27238 (N.D. Okla. Mar. 31, 2009). Where the Court directs that certain evidence be excluded, the Court may also instruct counsel to avoid any mention of the evidence in question during opening and/or closing statements, during trial, and/or in any argument to the jury, and direct counsel to instruct its associates, client, and witnesses to avoid making mention of any of the excluded evidence. *See e.g. Duckworth v. Fedex Ground Packaging Sys.*, 2006 U.S. Dist. LEXIS 72495 (E.D. Okla. Oct. 3, 2006). Advance rulings on unduly prejudicial evidence, or other evidence properly excluded, serves the purpose of avoiding the obviously futile attempt to "unring the bell" once the evidence is offered and then stricken at trial. *McEwen v. City of Norman, Okla.*, 926 F. 2d 1539, 1548 (10th Cir. 1991).

### III. INADMISSIBLE EVIDENCE THAT SHOULD BE EXCLUDED IN ORDER TO ENSURE A FAIR AND EXPEDITIOUS TRIAL

#### A. Evidentiary Standards for Personal Knowledge and Hearsay.

Plaintiff's claim that Greg Harsh did not want to go to the doctor after his injury should be excluded because Plaintiff lacks personal knowledge to testify regarding whether Mr. Harsh wanted to go to the doctor, and/or because Plaintiff is relying upon hearsay testimony in support of this evidence.

Federal Rule of Evidence 602 provides as follows:

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses."

Hearsay testimony is defined in Federal Rule of Evidence 801 as:

"A statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter."

Hearsay evidence is inadmissible pursuant to Federal Rule of Evidence 802:

"Hearsay is not admissible except as provided by these rules or by other rules described by the Supreme Court pursuant to statutory act or by act of Congress."

Plaintiff is clearly relying upon statements from others to support her belief that Greg Harsh did not want to go to the doctor, as is evident from her deposition testimony. She testified that she heard from someone other than Mr. Harsh that he did not want to seek medical attention. She even admits in her testimony that her belief that Mr. Harsh did not want to go to the doctor is hearsay. She lacks personal knowledge about whether Mr. Harsh was injured; about whether he resisted going to the doctor; and about whether he was forced to go to the doctor. Plaintiff should not be allowed to testify regarding these matters because her knowledge of this issue is based upon a hearsay communication.

Springs Global therefore requests that this Second Motion in Limine be granted.

Respectfully submitted,

s/Randall J. Snapp
Randall J. Snapp, OBA #11169
Attorneys for Defendant Springs Global U.S., Inc.
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9855
(918) 599-6335 (Facsimile)
randall.snapp@crowedunlevy.com

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of April, 2010, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrant:

danielsmolen@ssrok.com

davidwarta@ssrok.com

s/Randall J. Snapp  
Randall J. Snapp

2138606.01